IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONION MEMS A/S, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-566-GMS |
| v. | ) |
| | ) |
| KNOWLES ELECTRONICS LLC, | ) |
| | ) |
| Defendant. | ) |

**ANSWER, COUNTERCLAIM, AND DEMAND
FOR JURY TRIAL OF KNOWLES ELECTRONICS LLC**

Defendant Knowles Electronics LLC ("Knowles") answers the complaint of plaintiff Sonion MEMS A/S ("Sonion") as follows:

**Nature of the Action**

1.  Knowles admits that this action arises under the Patent Laws of the United States, and that Sonion alleges infringement of U.S. Patent No. 6,859,542 ("the `542 Patent"), which is entitled "Method of Providing a Hydrophobic Layer and a Condenser Microphone Having Such a Layer." Knowles denies the remaining allegations of paragraph 1.

**The Parties**

2.  Knowles is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.  Admitted.

## Jurisdiction and Venue

4. Admitted.

5. Admitted.

## Infringement of U.S. Patent No. 6,859,542

6. Knowles admits that a copy of what appears to be the `542 patent is attached as Exhibit A to the complaint. Knowles is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the ownership interests in the `542 patent, and thus denies the allegations of paragraph 6 relating thereto. Knowles further states that each of the claims of the `542 patent is invalid, and thus denies that the `542 patent was duly and legally issued. Knowles denies the remaining allegations of paragraph 6.

7. Knowles admits that the `542 patent discloses and claims well known microphones having a hydrophobic layer on their inner surfaces, and that such microphones have been used in mobile telephones. Knowles denies the remaining allegations of paragraph 7.

8. Knowles admits that it manufacturers, uses, sells and offers to sell SiSonic microphones in the Unites States, but denies that Knowles infringes, either directly or indirectly, any valid claim of the `542 patent. Knowles denies the remaining allegations of paragraph 8.

9. Knowles admits that SiSonic microphones have been used in the United States in personal digital assistants (PDAs), digital cameras, MP3 recorders, and mobile phones manufactured by others, but denies the remaining allegations of paragraph 9.

10. Denied.

11. Denied. By way of further response, Knowles denies infringement, both directly and indirectly, of any valid claim of the `542 patent. Additionally, this is an exceptional case because Sonion knows or has reason to know that each of the claims of the `542 patent is invalid, and thus, on information and belief, Sonion has commenced this action in bad faith and for the improper purpose of reducing competition and harming the business expectations of Knowles. Consequently, Knowles is entitled, pursuant to 35 U.S.C. § 285, to be reimbursed for its attorneys' fees reasonably incurred in defending against Sonion's claims.

### AFFIRMATIVE DEFENSE

Each of the claims of the `542 patent is invalid for failure to satisfy the requirements for patentability of the United States Patent Laws, including 35 U.S.C. §§ 102 and 103.

### COUNTERCLAIM

For its counterclaim against Sonion, Knowles states as follows:

**Nature of the Case**

12. This is an action for a declaratory judgment arising under the United States Patent Laws, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

**Parties**

13. Counter-plaintiff Knowles is a Delaware corporation with its principal place of business at 1151 Maplewood Drive, Itasca, Illinois 60143.

14. Counter-defendant Sonion alleges that it is a Danish company with its principal place of business at Byleddet 12-14, DK-4000 Roskilde, Denmark.

## Jurisdiction and Venue

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338, and 2201.

16. This Court has personal jurisdiction over Sonion, and venue is proper in this district, because Sonion has consented thereto by virtue of filing the underlying action against Knowles.

17. An actual case and controversy over the validity of the claims of the `542 patent exists between Knowles and Sonion by virtue of Sonion having sued Knowles in this Court for infringement of the `542 patent.

## DECLARATORY JUDGMENT
## OF PATENT INVALIDITY

18. Knowles incorporates the allegations of paragraphs 1-17 of this Counterclaim as if fully restated herein.

19. Each of the claims of the `542 patent is invalid for failure to satisfy the requirements for patentability of the United States Patent Laws, including 35 U.S.C. §§ 102 and 103.

20. This is an exceptional case because Sonion knows or has reason to know that each of the claims of the `542 patent is invalid, and thus, on information and belief, Sonion has commenced this action in bad faith and for the improper purpose of reducing competition and harming the business expectations of Knowles. Consequently, Knowles is entitled, pursuant to 35 U.S.C. § 285, to be reimbursed for its attorneys' fees reasonably incurred in defending against Sonion's claims.

## Prayer for Relief

WHEREFORE, Knowles prays that this honorable Court:

A. enter judgment on Sonion's complaint in favor of Knowles, and against Sonion, and deny Sonion any relief in connection therewith;

  B. declare that each of the claims of United States Patent No. 6,859,542 is invalid;

  C. determine that this case is exceptional pursuant to 35 U.S.C. § 285, and award Knowles its attorney fees, costs and expenses reasonably incurred in defending this action; and

  E. award Knowles such other and further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Knowles hereby demands trial by jury on all issues properly so triable.

        ASHBY & GEDDES

        */s/ Steven J. Balick*

        _____
        Steven J. Balick (I.D. #2114)
        John G. Day (I.D. #2403)
        222 Delaware Avenue, 17th Floor
        P.O. Box 1150
        Wilmington, Delaware 19899
        (302) 654-1888 (tel.)
        (302) 654-2067 (fax.)
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com

        Counsel for Defendant
        KNOWLES ELECTRONICS, INC.

*Of Counsel:*

Anthony G. Sitko
Jeffrey H. Dean
Andrew D. Raymond
MARSHALL GERSTEIN & BORUN LLP
6300 Sears Tower
Chicago, Illinois 60606
(312) 474-6300
(312) 474-0448

Dated: August 24, 2005
160715.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2005, the attached **ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL OF KNOWLES ELECTRONICS LLC** was served upon the below-named counsel of record at the address and in the manner indicated:

Philip A. Rovner, Esquire                                HAND DELIVERY
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street
Wilmington, DE  19801


Stephen G. Rudisill, Esquire                             VIA FEDERAL EXPRESS
Jenkens & Gilchrist, P.C.
225 West Washington Street
Suite 2600
Chicago, IL  60606


/s/ Steven J. Balick
_____
Steven J. Balick