IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SONION MEMS A/S, a Danish corporation, | ) ) ) | |
| Plaintiff | ) ) ) | C.A. No. 05-566-GMS |
| v. | ) ) | |
| KNOWLES ELECTRONICS LLC, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Notice of Scheduling Conference dated October 26, 2005 (D.I. 8), and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff, Sonion MEMS A/S ("Sonion"), and Defendant, Knowles Electronics LLC ("Knowles"), hereby submit this Joint Status Report.

Pursuant to Local Rule 16.2, a meeting was held on November 1, 2005, by telephone, and was attended by: counsel for Plaintiff, Edward F. McCormack and Justin D. Swindells of Jenkens & Gilchrist and Philip Rovner of Potter Anderson & Corroon LLP; and counsel for Defendant, Jeffrey H. Dean of Marshall Gerstein & Borun LLP and Steven J. Balick of Ashby & Geddes. Counsel discussed the agenda items listed in the Court's Notice of Scheduling Conference. Each agenda item is discussed below.

**I.    BASIS FOR JURISDICTION AND SERVICE**

This is a patent case arising under the Patent Act, 35 U.S.C. §§ 271, *et seq*. The Court has subject matter jurisdiction under 28 U.S.C. § 1331, 1338(a), 2201(a), and 2202. The Court has personal jurisdiction comporting with the United States Constitution and Section 3104 of the

Delaware Code. There are no disputed issues of jurisdiction or venue. All named parties have been served with the requisite pleadings.

## II.    FACTUAL AND LEGAL BASES FOR THE CLAIMS AND DEFENSES

The parties' factual and legal bases are as follows:

### A.    Plaintiff

This is an action for patent infringement of U.S. Patent No. 6,859,542 ("the '542 Patent"), entitled "Method of Providing a Hydrophobic Layer and a Condenser Microphone Having Such a Layer." Sonion MEMS A/S is the owner of the '542 Patent and of all rights to sue and recover for infringement thereof. The '542 Patent is generally directed to, *inter alia*, a miniature microphone having a hydrophobic layer on its internal working components. The miniature microphones according to the '542 Patent can be used in various devices, such as hearing aids and mobile phones.

Plaintiff alleges that Knowles, by and through its division, Knowles Acoustics, manufactures, uses, sells, and/or offers to sell SiSonic™ miniature microphones in the United States that are covered by one or more claims of the '542 Patent. Plaintiff further alleges that Knowles also indirectly infringes the '542 Patent by actively inducing others to infringe and/or contributorily infringing the '542 Patent. Plaintiff still further alleges that Knowles' SiSonic miniature microphones that infringe the '542 Patent are being used in personal digital assistants (PDAs), digital cameras, MP3 recorders, and mobile phones throughout the United States.

Plaintiff believes that Knowles has willfully infringed the '542 Patent, both directly and indirectly, in the United States and that Plaintiff is likely to be irreparably harmed by Knowles' infringement of the '542 Patent. Plaintiff alleges that it has no adequate remedy at law.

B.  **Defendant**

Knowles denies infringement and counterclaims for a declaratory judgment of patent invalidity. Knowles further alleges that plaintiff knows, or reasonably should know, that the claims of the '542 patent are invalid in light of specific prior art disclosed to the plaintiff prior to the commencement of this lawsuit. Knowles further alleges that this lawsuit was nevertheless filed to cause Knowles competitive injury—and to disrupt specific business transactions involving Knowles of which plaintiff became aware—independent of the merits of this case. Knowles further alleges that this is an exceptional case pursuant to 35 U.S.C. § 285 entitling Knowles to reimbursement for its attorneys' fees and costs reasonably incurred in defending against this action.

### III.  FACTUAL AND LEGAL ISSUES IN DISPUTE

There are a number of factual and legal issues in dispute, which are as follows:

A.  **Plaintiff**

Plaintiff's factual and legal issues in dispute include at least the following:

1. whether the manufacture, use, offering for sale, selling, or importing into the United States of Defendant's SiSonic microphones constitutes infringement of the '542 patent under 35 U.S.C. § 271;

2. whether Plaintiff should be awarded damages sufficient to compensate it for Defendant's infringement, whether such damages should be increased to three times the amount found or assessed pursuant to 35 U.S.C. § 284, and whether such damages should be awarded to Plaintiff with prejudgment interest;

3. whether this is an exceptional case pursuant to 35 U.S.C. § 285 and whether Plaintiff should be awarded its attorney fees, costs, and expenses in this action; and

4. whether the Court should permanently enjoin this infringing activity for which Plaintiff has no adequate remedy at law.

### B. Defendant

Defendant's factual and legal issues in dispute include the issues listed above by plaintiff together with (1) whether the claims of the '542 are invalid, and (2) whether this is an exceptional case entitling defendant to reimbursement for its fees and costs pursuant to 35 U.S.C. § 285.

In addition, Knowles anticipates that additional counterclaims and defenses may be pled at a later date if this case is not disposed of early by reason of summary proceedings. Specifically, Knowles may plead the defense of inequitable conduct based on the information and belief that the inventors named on the '542 patent were aware of the very prior art on which Knowles relies—and which Knowles forwarded to plaintiff prior to the commencement of this action—and yet concealed that prior art from the PTO during the prosecution of the '542 patent. Knowles further anticipates that it may plead counterclaims based on plaintiff's efforts—including the timing of this lawsuit—to interfere with specific business transactions involving Knowles of which plaintiff became aware.

## IV. NARROWING OF ISSUES

### A. Plaintiff

Pursuant to the Court's form of Scheduling Order applicable to patent cases, Plaintiff expects to submit a letter brief at the appropriate time seeking the Court's permission to file a motion for summary judgment that Defendant's SiSonic™ devices infringe the '542 patent.

### B. Defendant

Knowles respectfully suggests that this case could benefit substantially from early briefing on the validity of the claims of the '542 patent.[1]

The '542 patent does not claim miniature condenser microphones as such. Rather, the '542 patent claims only miniature condenser microphones that are coated with a hydrophobic material to prevent water from causing a microphone's components to stick together—a problem known as "stiction." But the problem of "stiction" has long been known in the art of micro-electro mechanical systems or MEMS, including and especially the art of manufacturing silicon-based condenser microphones. The same is true for its solution, *i.e.*, coating miniature condenser microphones with a hydrophobic layer. Because both the problem of "stiction" and its solution were published years before the effective filing date of the '542 patent, the '542 patent is invalid.

Under the circumstances, Knowles respectfully suggests that this threshold question of patent validity should be briefed at an early date. If Knowles is correct, this case will end with little in the way of time and resources having to be expended by the parties and the Court. If not, the early disposition of this issue will substantially increase the likelihood of a negotiated resolution of this case. Either way, little or no discovery would be involved, and the potential benefit

---

[1] Plaintiff opposes Defendant's request for early briefing on the validity of the claims of the '542 patent. Among other reasons, early briefing on validity is premature as the parties will not have had the benefit of the Court's Markman ruling construing the claims of the '542 patent and such briefing will cause unnecessary delay in a resolution of this matter.

5

to both the parties and the Court would be substantial. Because both Knowles and the plaintiff are aware of the specific prior art references involved, the question can be briefed by the parties with both dispatch and a minimum of expense.

Consequently, Knowles respectfully requests that the Court grant Knowles leave to file a three-page letter stating its specific grounds for summary judgment within 10 days of the Rule 16 conference. If the Court concludes—after consideration of plaintiff's response letter and Knowles' reply letter—that there is substantial merit to Knowles' proposed motion, Knowles would respectfully propose to file its motion and opening brief within 28 days thereof. Knowles further would respectfully propose that the Court stay all proceedings unrelated to Knowles' motion pending its disposition by the Court.[2]

## V. RELIEF

### A. Plaintiff

Sonion currently seeks the following relief at a minimum:

1. a judgment that Defendant has and is infringing the '542 patent directly and/or indirectly;

2. a permanent injunction against Defendant, its officers, agents, servants, and employees, and those persons in active concert and participation with any of them, from the direct and indirect infringement of the '542 patent;

3. compensatory damages for Defendant's infringement of the '542 patent and an assessment of prejudgment interest;

4. a judgment that Defendant's infringement is willful;

---

[2] Plaintiff opposes Defendant's request for a stay as this will merely serve to delay the resolution of the issues presented in this case.

5. treble damages pursuant to 35 U.S.C. § 284 if Defendant's infringement is found to be willful;

6. a declaration that this is an exceptional case pursuant to 35 U.S.C. § 285 and that Sonion be awarded its attorney fees, costs, and expenses in this action; and

7. such other and further relief as the Court may deem just.

**B.   Defendant**

Knowles seeks the following relief:

1. Judgment on plaintiff's complaint in favor of Knowles, and against plaintiff, denying plaintiff any relief;

2. Judgment declaring that each of the claims of the '542 patent is invalid;

3. Judgment declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding Knowles its attorneys' fees and costs reasonably incurred in defending this action; and

4. Judgment awarding Knowles such further relief as this Court deems just and reasonable under the circumstances.

## VI.   AMENDMENT OF PLEADINGS

The parties jointly propose a deadline of March 10, 2006, for amendment of pleadings.

## VII.   JOINDER OF PARTIES

At present, the parties are not aware of any additional parties who should be joined in this action. The parties jointly propose a deadline of March 10, 2006, for joining additional parties.

## VIII. DISCOVERY

### A. Issues

#### 1. Plaintiff

Plaintiff presently anticipates that it will, at a minimum, require at least the following discovery to prepare for trial: (1) written discovery to and responses and documents from Defendant; (2) fact depositions of Defendant and key employees of Defendant relating to Defendant's infringement and contentions in this case; (3) written and oral discovery and responses and documents from third parties, including foreign manufacturers of the infringing devices; and (4) expert depositions and discovery.

#### 2. Defendant

In the event that this case is not disposed of by an early motion, defendant anticipates that it will require discovery relating to (1) the conception and reduction to practice of the claimed inventions; (2) the knowledge of the inventors and/or their attorneys of specific prior art references and the reasons why those references were withheld from the Patent Office during the prosecution of the '542 patent; (3) the scope of noninfringing substitutes for the claimed invention; (4) efforts by plaintiff to license the '542 patent; (5) efforts by plaintiff to make and sell products within the claims of the '542 patent; (6) plaintiff's efforts to cause competitive injury to Knowles by reason of this lawsuit unrelated to the merits of its patent infringement claims; (7) how specific claim limitations would have been understood by persons of ordinary skill in the art in May 2001; (8) the knowledge of micro-electro mechanical systems, including condenser microphones, of persons of ordinary skill in the art in May 2001; and (9) expert discovery relating to infringement, invalidity, and damages.

### B. Limitations on Discovery

Unless specifically stated otherwise in this Joint Status Report, the parties agree that the limitations as set forth in the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware will set the limits of permissible discovery in this action, unless otherwise modified by the Court.

#### 1. Depositions

The parties anticipate that they will require no more than 10 fact depositions each in accordance with Rule 30 of the Federal Rules of Civil Procedure. The parties anticipate that they will need no more than 7 hours of deposition time for each expert witness.

### C. Protective Order

The parties anticipate the need for entry of a protective order to protect the confidentiality of sensitive business information that may be exchanged during discovery, and are in the process of finalizing a Protective Order for this case. The parties anticipate submitting a proposed protective order to the Court for its consideration setting forth any areas of disagreement that the parties are unable to resolve.

D.   **Schedule**

The parties agree to the proposed schedule set forth below:

| Event | Joint Proposal |
|---|---|
| Rule 16 Scheduling Conference | 11/9/05 |
| Deadline for joinder of parties and motions to amend pleadings | 3/10/06 |
| Parties exchange proposed claim constructions | 5/8/06 |
| Parties meet and confer to narrow terms in dispute | 5/15/06 |
| Joint claim chart providing each party's proposed constructions | 5/22/06 |
| Parties to file respective *Markman* briefs | 5/29/06 |
| Parties to file opposition *Markman* briefs | 6/12/06 |
| Parties to file reply *Markman* briefs | 6/23/06 |
| *Markman* hearing | 7/10/06 |
| Close of fact discovery | 7/14/06 |
| Expert Reports on which party bears burden of proof | 9/15/06 |
| Rebuttal expert reports | 10/6/06 |
| Expert depositions to be completed | 11/10/06 |
| Letter requests for dispositive motions | 11/24/06 |
| Briefing on dispositive motions completed | 1/26/07 |
| Pretrial disclosures | 2/9/07 |
| Final pretrial conference | 2/16/07 |
| Trial | 2/26/07 |

Knowles' agreement to the foregoing schedule assumes that the Court does not conclude that early briefing on the question of patent validity would be helpful. In the event that the Court orders early briefing on the question of patent validity, then Knowles would request that all proceedings not related to Knowles' motion for summary judgment be stayed pending a disposition of the motion by the Court.

## IX. ESTIMATED TRIAL LENGTH

The parties will cooperate in an attempt to reduce the length of trial through the use of stipulations and other means for expediting the presentation of evidence. At this time, the parties believe that they will require at least a five-day trial to present the issues presently pled.

## X. JURY TRIAL

The parties demand a jury trial on all issues properly so triable.

## XI. SETTLEMENT

The parties have engaged in settlement discussions since the lawsuit was filed and will continue to pursue such discussions. At present, the prospects for settlement do not appear to be likely.

## XII. STATEMENT BY COUNSEL

The parties have conferred about each of the above matters and this report sets forth their agreements.

Dated: November 2, 2005

| | |
|---|---|
| Of Counsel:<br>   Stephen G. Rudisill<br>   Edward F. McCormack<br>   Daniel J. Burnham<br>   Justin D. Swindells<br>   Jeremie D. Moll<br>   JENKENS & GILCHRIST<br>   225 West Washington Street,<br>   Suite 2600<br>   Chicago, Illinois 60606<br>   (312) 425-3900 | POTTER ANDERSON & CORROON LLP<br><br><br>By:   /s/ Philip A. Rovner<br>   Philip A. Rovner (#3215)<br>   Hercules Plaza<br>   P.O. Box 951<br>   Wilmington, Delaware 19899-0951<br>   (302) 984-6000<br>   Email: provner@potteranderson.com<br><br>Attorneys for Plaintiff<br>SONION MEMS A/S |
| Of Counsel:<br><br>   Anthony G. Sitko<br>   Jeffrey H. Dean<br>   Andrew D. Raymond<br>   MARSHALL GERSTEIN & BORUN LLP<br>   6300 Sears Tower<br>   Chicago, Illinois 60606<br>   (312) 474-6300<br>   (312) 474-0448 | ASHBY & GEDDES<br><br><br>By:   /s/ Steven J. Balick<br>   Steven J. Balick (I.D. #2114)<br>   John G. Day (#2403)<br>   222 Delaware Avenue, 17th Floor<br>   P.O. Box 1150<br>   Wilmington, Delaware 19899<br>   (302) 654-1888<br>   (302) 654-2067<br>   Email: sbalick@ashby-geddes.com<br>             jday@ashby-geddes.com<br><br>Attorneys for Defendant<br>KNOWLES ELECTRONICS, INC. |